Murray T. Feiden, J.
Plaintiff moves for an “ order restoring ” this case to the calendar for trial. The request for relief is misleading. Plaintiff is moving for an order excusing his default which resulted in a dismissal of the action. Plaintiff failed to comply with the rule of the court requiring that he submit an affidavit of actual engagement. He must, in order to succeed in his application, seek the favorable discretion of the court.
*728 The case was on the calendar 68 times. On March 10, 1971, the case was marked for the selection of a jury on April 5; on April 6, 1971, it was marked for selection of a jury on April 19, peremptorily; it was similarly marked for selection of a jury on April 20, 1971 and April 21, 1971, and again marked peremptorily for the selection of a jury on May 10, 1971.
The case nevertheless was answered “ ready subject ” on May 10 and May 11. On May 11, 1971, the court directed that it be furnished with an affidavit of actual engagement if the plaintiff was not ready to proceed. This direction should not have been necessary because the rules of the court require such an affidavit.
On May 12, despite the long record of delay, no affidavit was submitted. Consequently, the case was dismissed.
The court’s recollection is that it was told on the calendar calls previous to May 12 that plaintiff’s counsel was actually engaged in Queens County. In the moving papers it now appears that plaintiff’s attorney claims that he was actually engaged in New York County. According to the New York Law Journal he was not actually engaged.
This is one of the oldest cases on the calendar. Issue was joined June 28, 1966. The note of issue was filed January 9, 1967. The date of the malpractice was not supplied. In this kind of a situation, plaintiff’s attorney is disdainful of proper procedure not only in failing to submit an appropriate affidavit of merits hut also in drawing his papers in a perfunctory manner.
It is unfortunate that the defendants’ attorneys are themselves at fault. The defendants’ attorneys in this case, and attorneys generally, rarely press for a trial. There seems to he some sort of understanding between all attorneys to accommodate each other. If in a case such as this the court did not force the ease to trial, it would not be tried for many months or years, thus continually clogging the calendar.
Defendants’ attorneys are remiss in not opposing motions of this kind and are not fulfilling their obligations to the carrier or the assured. In these days when the good faith of insurance companies is being so often questioned, one of the many areas in which they are vulnerable is in failing to protect the assured’s rights when a motion is made to excuse a default.
The court is compelled to reach the conclusion that too often attorneys practice law as if the CPLE had been abolished. This court will not countenance such an attitude. In this case, the motion papers were drawn in the most haphazard fashion. The court regards a motion to vacate a dismissal as important *729 and it would be well for attorneys making such motions to give their applications the same consideration.
If this motion is renewed, regardless of the attitude of the defendants, plaintiff’s attorney will be required to submit proper papers and sufficient reasons why this case did not proceed to trial during April and May of 1971. Included in such papers should be copies of any affidavits of actual engagement submitted to this court from April 5,1971 until the dismissal.
Motion denied without prejudice.